**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DARREN K. VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV821 SNLJ |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 1150301), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.22. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $56.08, and an average monthly balance of $2.46. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.22, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

-2-

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

**The Complaint**

-3-

Plaintiff, an inmate at Jefferson City Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.  Plaintiff asserts that the application of the Missouri "escape rule" violated his right to due process when his criminal appeal was denied and dismissed in the Missouri Court of Appeals.

Plaintiff seeks a "permanent injunction against [plaintiff's] conviction" as relief in this action.

## Discussion

The escape rule is a judicially-created doctrine in Missouri that operates to deny the right of appeal to a defendant who escapes justice. Wagner v. State, 172 S.W.3d 922, 924 (Mo.App. E.D.2005).  The escape rule applies to errors that occurred prior and up to the time of escape.  In applying the escape rule, the relevant inquiry is whether the escape adversely affected the criminal justice system.  Id. Effectively, the escape rule operates to deny the right of appeal to a defendant who "escapes" justice.  See State v. Troupe, 891 S.W.2d 808, 809 (Mo. 1995).

To the extent that plaintiff is requesting that this Court review his conviction and sentence (and appeal) and make a determination that his due process rights were violated when the Missouri Court of Appeals dismissed his appeal under the Missouri escape rule, the Court will decline to do so.  First and foremost, this Court does not have subject matter jurisdiction "over challenges to state court decisions in particular

-4-

cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may be had only in [the United States Supreme Court]."  <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 486 (1983).

Moreover, given that the sole relief plaintiff is seeking is an order basically vacating his original sentence and the opportunity to be resentenced (or have his appeal reheard), the Court finds that plaintiff's claims are cognizable exclusively under 28 U.S.C. § 2254, not 42 U.S.C. § 1983.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 490 (1973)(habeas corpus is the appropriate remedy for prisoners attacking the validity of the fact or length of their confinement). As such, the instant § 1983 complaint is subject to dismissal.

Additionally, a prisoner may not bring a § 1983 suit, such as this one, where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994); <u>Schafer v. Moore</u>, 46 F.3d 43, 45 (8th Cir. 1995); <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.22 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>10th</u> day of June, 2013.


_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE