UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV00918 SNLJ |
| | ) |
| COUNTY OF FRANKLIN, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

This case is before the Court on plaintiff's motion for protective order, #80, in which plaintiff, who to date has proceeded under the pseudonym "Jane Doe," seeks to prevent public disclosure of her identity. The defendants have filed a response in opposition, #82, and plaintiff a reply thereto, #86. This Court granted plaintiff's motion for leave to proceed under a pseudonym on May 22, 2012, the same day defendants were served and before defendants had an opportunity to contest the motion.

Plaintiff's claim is that if her identity is made public, she will be "subjected to harassment and retaliation." The general rule, however, is that, ". . .lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Broussard v. Waldron Sch. Dist.*, 866 F.Supp. 2d 1042,1048 (W.D. Ark. 2011). As other courts have explained, "There is a First Amendment interest in public proceedings, and identifying the parties to an action is an important part of making it truly public." *Luckett v. Beaudet*, 21 F.Supp. 2d 1029 (D. Minn. 1998)(citing *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Furthermore, "When a party invokes the judicial powers of

the United States, she invites public scrutiny of the dispute and the proceeding. 'The people have a right to know who is using their courts.'" *Id*.

The general test for allowing a plaintiff to proceed anonymously is "whether the plaintiff 'has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *W.G.A. v. Priority Pharm., Inc.*, 184 F.R.D. 616,617 (E.D. Mo. 1999)(citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). In that regard, "The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Additionally, "[t]he risk that a plaintiff may suffer some embarrassment is insufficient to permit anonymity." *Raiser v. Brigham Young U.*, 127 Fed. Appx. 409, 411 (10th Cir. 2005) (citing *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)).

In addition to their reliance on this authority from the case law, defendants maintain that the non-disclosure of plaintiff's identification "severely hinders [their] ability to investigate her allegation [that she is offended by the prayers offered at the commission meetings] and prepare their defense." If plaintiff remains anonymous, defendants contend, they "will be unable to explore her background and speak with individuals who can support or discredit her claim."

In support of her motion, plaintiff has filed an affidavit in which she states that, "I believe that I will be harassed and driven from the community if my identity as the plaintiff in this case is publicly known." She adds that, "Shortly after this lawsuit was filed, I attended a [commission] meeting in which one of the attendees took the microphone and proclaimed that the 'blood of the anti-Christ flows through the ACLU.'" This incident, she says, was reported in the media. She also refers to a comment to an online newspaper story in which the person

posting the comment stated that he/she will come to one of the council meetings to "investigate and find out who [plaintiff] is."

Having carefully considered the issue, this Court determines that plaintiff's concerns do not overcome the constitutionally-embedded presumption of openness in judicial proceedings. Plaintiff has availed herself of the court system and in doing so, she has invited public scrutiny of her claims. And as noted, a hostile public reaction and the prospect of embarrassment are insufficient to justify proceeding anonymously. Although she points to two incidents in which individuals were hostile to her or her attorneys, neither were associated with the defendants, and both appear to be outliers. These incidents alone simply do not support plaintiff's belief that she will be harassed to the extent that she will be driven from the community. Furthermore, to the extent plaintiff is concerned that her private religious beliefs will be revealed publicly, she makes clear in her complaint that she objects to the prayers for reasons unrelated to her specific religious beliefs. Finally, plaintiff's continued anonymity will jeopardize defendants' legitimate concern that they will be unable to engage in meaningful discovery to explore the factual basis of plaintiff's allegation that she was offended by defendants' conduct.

Accordingly, the motion is **DENIED,** and this Court's earlier order granting the motion to proceed under a pseudonym is withdrawn.

**SO ORDERED** this 3rd day of July, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE