# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARREN K. VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV821 SNLJ |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to alter or amend the judgment, or dismissal, entered in this case on June 10, 2013. Also before the Court is plaintiff's motion for extension of time to pay the initial partial filing fee. Plaintiff's motion to alter or amend judgment will be denied. However, plaintiff will be given thirty additional days from the date of this Memorandum and Order to pay the initial partial filing fee.

On June 10, 2013, the Court dismissed plaintiff's § 1983 action on three separate grounds. In his complaint, plaintiff had alleged that the application of the Missouri "escape rule" violated his right to due process when his criminal appeal was denied and dismissed in the Missouri Court of Appeals.

First, the Court found it did not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial

proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).

Second, the Court found that given the sole relief plaintiff was seeking was an order basically vacating his original sentence and the opportunity to be resentenced (or have his appeal reheard), plaintiff's claims were cognizable exclusively under 28 U.S.C. § 2254, not 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)(habeas corpus is the appropriate remedy for prisoners attacking the validity of the fact or length of their confinement).

Last, the Court dismissed plaintiff's case on the grounds that a prisoner may not bring a § 1983 suit, such as this one, where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

In his motion to alter or amend the dismissal, plaintiff asserts that the Court has misinterpreted his complaint. He claims that he was seeking a complaint

pursuant to 28 U.S.C. §§ 2283 and 2284 which plaintiff believes seeks "review from a three judge panel." Thus, he claims that he is entitled to invoke 42 U.S.C. § 1983 and 28 U.S.C. §§ 2283 and 2284 to convene a three judge panel to determine that the Missouri Escape Rule is unconstitutional.

Plaintiff's interpretation of §§ 2283 and 2284 is completely without merit. Section 2283 is referred to as the Anti-Injunction Act, and it states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The "necessary in aid of its jurisdiction exception," to the Anti-Injunction Act's ban on federal injunctions against pending state court proceedings, means injunctions may be issued where necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case. See, e.g., Bank of Oklahoma, N.A. v. Tharaldson Motels II, Inc., 743 F.Supp. 2d 1080 (D.N.D. 2010). Plaintiff's case does not fall within this exception.

Nor does plaintiff's case fall within the ambit of § 2284, requiring a district court of three judges "when otherwise required by Act of Congress, or when an action is filed challenging the apportionment of congressional districts or the

apportionment of any statewide legislative body." 28 U.S.C. § 2284. Thus, plaintiff's arguments to alter or amend judgment in this action must be denied.

In an accompanying motion, plaintiff also seeks thirty additional days to pay the initial partial filing fee. Plaintiff's motion for extension of time will be granted.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend judgment [Doc. #7] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for an additional thirty (30) days from the date of this Memorandum and Order to pay the initial partial filing fee [Doc. #8] is **GRANTED**.

Dated this <u>3rd</u> day of July, 2013.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE